**SPO**
Jack P. Burden, Esq.
Nevada State Bar No. 6918
Dallin Knecht, Esq.
Nevada State Bar No. 16263
**BACKUS | BURDEN**
3050 South Durango Drive
Las Vegas, NV 89117
T: (702) 872-5555
F: (702) 872-5545
jburden@backuslaw.com
dallinknecht@backuslaw.com
Attorneys for Defendant, *Albertson's LLC;*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON BRUNA, | Case No. 2:22-cv-01872-GMN-DJA |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| ALBERTSON'S, LLC, a foreign limited-liability company; DOES I-X; DOE EMPLOYEES I-X; ROE MAINTENANCE COMPANIES; ROE CORPORATIONS I-X, inclusive | |
| Defendants. | |

### STIPULATED PROTECTIVE ORDER

Defendant Albertson's LLC, (hereinafter "Defendant") seeks to disclose documents that may involve trade secrets, confidential research, proprietary materials, and development and/or commercial information belonging to Defendant.

Defendant will provide these documents for inspection, review, and copying only under a Protective Order upon the hereinafter stated terms and conditions.

All the parties are in agreement as to the terms of the said *Protective Order*; therefore,

…

…

…

**IT IS HEREBY *ORDERED* THAT:**

1. Defendant will disclose documents that it designates "Confidential and Proprietary" (meaning they may involve trade secrets, confidential research, proprietary research, proprietary materials and/or development and/or commercial information) to the parties to this suit and their attorneys, only pursuant to this Order and under the conditions that follow. With respect to said documents being designated as "Confidential and Proprietary," Defendant bears the burden of showing good cause why the document contains information which may be set forth in a log and/or set forth in Defendant's disclosure of documents. In designating information or items marked for protection under this Order, Defendant must take care to limit any such designation to specific material that qualifies under the appropriate standards.

2. Any and all of the aforesaid material disclosed by Defendant and the contents thereof shall be maintained in confidence by counsel for Plaintiff. After their production, the aforesaid materials shall maintain protected and must fully comply with the provisions below.

3. Any and all of the aforesaid materials disclosed by Defendant and the contents thereof shall be used only in connection with the above-captioned matter and shall not be used for any other purpose whatsoever.

4. No person who examines any document produced pursuant to this Order shall disseminate orally, in writing, or by any other means, the document(s) of the information contained therein, to any other person not also authorized to examine documents under the terms of this order. Persons authorized to examine documents include counsel, counsel's staff, the parties, and experts.

5. Counsel for Plaintiff may permit Plaintiff or any expert(s) or consultant(s) hired by Plaintiff to review the documents subject to this Protective Order, but counsel for Plaintiff must first obtain from Plaintiff's said expert(s) and/or consultant(s) a written statement confirming their agreement to comply with every element of this Protective order. A copy of this Non-Disclosure Agreement is attached hereto at **Exhibit A**. Plaintiff and said experts shall agree that the documents and the contents thereof shall not be disclosed to any other person or entity and said documents shall not be photocopied or reproduced by any means, except for use in association with this lawsuit. Any documents provided to experts or consultants must be returned

to counsel for Defendant or destroyed within thirty (30) days of the conclusion of the above-captioned litigation pursuant to the terms of paragraph 9 below. Both consulting and testifying experts may review the documents in accordance with the terms of this paragraph, which paragraph does not alter the applicable disclosure requirements and/or privileges.

6. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds, including but not limited to, relevance, privilege, and materiality.

7. Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the documents subject to this Protective Order, and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material.

8. If a party challenges the designation of any disclosure marked "Confidential and Proprietary" pursuant to this Protective Order, the challenging party shall provide the designating party written notice of any such challenge and shall identify in such notice the bates number of the documents and/or the deposition transcript at issue. The parties shall make good faith efforts to resolve the dispute. The party defending the designation shall have the burden to demonstrate to the Court that the designation is proper under this Protective Order. If an agreement is not reached, counsel for the designating party will file a motion to preserve the confidentiality designation. The burden of proof to demonstrate confidential treatment of any information at all times remains with the designating party. The confidential information in controversy shall not be disclosed or declassified until required by the Court upon written order, or as agreed in writing by the party who designated the information. If the Court determines that the designation or challenge to such designation was made in bad faith, it may award sanctions.

9. Upon written request made within thirty (30) days after the conclusion of this lawsuit by settlement, a jury verdict, nonsuit, dismissal by judicial order or otherwise, all Defendant's materials and documents, including any and all copies, or renditions made from the materials, must be returned to counsel for Defendant or destroyed within thirty (30) days of the conclusion of the above captioned litigation.

10. The parties shall separately confer regarding the use of Confidential Material at trial and at any hearing, and to the extent an agreement cannot be reached, the Court shall intervene. A party seeking to file a confidential document, with any appropriate redactions, under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Pintos v. Pacific Creditors Association*, 605 F.3d 665, 678 (9th Cir. 2010). Documents must be filed under seal using the Court's electronic filing procedures. *See* Local Rule IA 10-5. Papers filed with the Court under seal must be accompanied with a concurrently filed motion for leave to file those documents under seal. *See* Local Rule IA 10-5(a).

11. The parties understand that the Court will maintain the Confidential Material it receives pursuant to paragraph 9 above under seal in accordance with the local and governing laws and rules.

12. A breach of the terms of this Order shall entitle counsel for Defendants to appropriate sanctions, including but not limited to attorney's fees and costs incurred in the enforcement of this Order.

**IT IS SO STIPULATED** and agreed as to the terms and conditions of this Protective Order

/s/ Stephen J. Mendenhall
Stephen J. Mendenhall, Esq.
Henness & Haight
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Attorney for Plaintiff

Dallin Knecht
Jack P. Burden, Esq.
Dallin Knecht, Esq.
Backus | Burden
3050 S. Durango Dr.
Las Vegas, Nevada 89117
Attorneys for Defendant

**IT IS SO ORDERED**.

DATED: January 25, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

4

# **INDEX OF EXHIBITS TO STIPULATED PROTECTIVE ORDER**

Exhibit A – **NON-DISCLOSURE AGREEMENT**

# EXHIBIT A

# STIPULATED PROTECTIVE ORDER

## CASE NO. 2:22-CV-01872-GMN-DJA

# NON-DISCLOSURE AGREEMENT

I, _____ Print Name), being of full age, certify that I have read the Stipulated Protective Order entered in the case entitled, *Shannon Bruna v. Albertson's LLC*, having Case No. 2:22-cv-01872-GMN-DJA, filed in the Eighth Judicial District Court in and for Clark County, Nevada, currently sitting in the United States District Court for the District of Nevada, and agree to be bound by its terms; to maintain that information designated as "Confidential and Proprietary" in confidence; not to use or disclose information designated as "Confidential and Proprietary" to anyone other than counsel for the parties involved in the action, parties involved in the action or any other expert or consultant that has also executed the Non-Disclosure Agreement; and not to use any documents or information protected by the Stipulated Protective Order except in connection with this case, provided that nothing shall prevent disclosure beyond the terms of this Order if the party claiming confidentiality consents in writing prior to disclosure.

I understand that any documents provided to me must be returned to counsel for Defendant or destroyed, within thirty (30) days of the conclusion of the above-captioned litigation pursuant to the terms of Paragraph 9 of the Stipulated Protective Order.

To effectuate my compliance with this Order, I further submit myself to the personal and subject matter jurisdiction of the Eighth Judicial District Court in and for Clark County, Nevada, in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Signature

_____
Print Name